**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL ACTION NO. 1:26-cv-00243-MOC-WCM**

| | | |
|---|---|---|
| FISH KISS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SWEDISH TREASURES, LLC d/b/a WET-IT!; CHARLES JUSTIN DAVIES; LOUISE MATHILDA DAVIES; JOANNA PHILIPPA KIDD; ZENTRA LLC; and DOES 1–3,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **DEFENDANT SWEDISH TREASURES, LLC d/b/a WET-IT! PARTIAL MOTION TO DISMISS (Fed. R. Civ. P. 12(b)(6))** |

Defendant Swedish Treasures, LLC d/b/a Wet-It! ("Wet-It"), by and through undersigned counsel, respectfully moves the Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the following claims asserted against it in the Complaint (ECF No. 1) filed by Plaintiff Fish Kiss, Inc. ("Plaintiff" or "Fish Kiss"), for failure to state a claim upon which relief can be granted:

1. **Counts I and III (standing)** (copyright infringement — lack of ownership) fail because the Complaint and its exhibits do not plausibly establish that Plaintiff Fish Kiss, Inc. is the legal or beneficial owner of the asserted copyrights under 17 U.S.C. § 501(b): the registrations name only "Fish Kiss" as author and claimant, Plaintiff alleges that Anne Klein authored the works, no writing transfers any copyright from Ms. Klein, and the only instrument on which Plaintiff relies is a "Confirmatory Copyright Assignment" executed on August 12, 2026 by a limited liability company that had been dissolved more than five years earlier.

2. **Count IV** (Lanham Act reverse passing off / false designation of origin, 15 U.S.C. § 1125(a)) is barred by *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23,

37 (2003), because Wet-It is the producer of the tangible goods at issue and the Lanham Act does not protect Plaintiff's alleged product specifications or supply chain.

3. **Count VII** (breach of fiduciary duty) fails because the Complaint and the license agreements attached to it establish an arm's-length licensor–licensee relationship that the parties expressly agreed was not a partnership, joint venture, or principal–agent relationship, and the duties alleged arise solely from contract.

4. **Count X** (tortious interference with contract and business relations) fails because the Complaint does not allege that any third party breached or refused to perform a contract, does not identify any specific prospective contract that would have been formed but for Wet-It's conduct, and pleads conduct (selling licensed inventory during the license term and competing afterward) that is justified as a matter of law.

5. **Count XI** (conversion) fails because digital art files are intangible property that cannot be converted under North Carolina law, any such claim is preempted by 17 U.S.C. § 301, and the Complaint admits that Wet-It paid for the blank tea towels and alleges no ownership or right of possession in Plaintiff.

6. **Counts I and III, in part** (copyright infringement) fail to the extent they are based on works for which Plaintiff concedes it holds no registration — the Alaska, North Dakota, South Dakota, and Rhode Island maps — because registration is a precondition to suit under 17 U.S.C. § 411(a).

7. The grounds for this Motion are set forth with particularity in the Brief in Support filed contemporaneously herewith pursuant to LCvR 7.1(c), which is incorporated herein by reference. The exhibits on which this Motion relies were attached to the Complaint and are

incorporated by reference to the docket entry, exhibit number, and page pursuant to LCvR 7.1(c)(3).

8. Because this is a dispositive motion, consultation with opposing counsel is not required. LCvR 7.1(b).

9. Pursuant to Fed. R. Civ. P. 12(a)(4)(A), the service of this Motion alters the time to serve a responsive pleading, and Wet-It will serve an answer to the Complaint within fourteen (14) days after notice of the Court's action on this Motion. Wet-It expressly reserves, and does not waive, all defenses, objections, affirmative defenses, and counterclaims available under Rules 8, 12, and 13 of the Federal Rules of Civil Procedure and otherwise.

WHEREFORE, Wet-It respectfully requests that the Court (1) grant this Motion; (2) dismiss Counts I and III (standing); Count IV; Count VII; Count X; Count XI; Counts I and III, in part of the Complaint as against Wet-It, as set forth above; and (3) grant such other and further relief as the Court deems just and proper.

This the 26th day of October, 2026.

s/ Ray Ashburg
Ray Ashburg
N.C. State Bar No. 31371
Attorney for Defendant Swedish Treasures, LLC d/b/a Wet-It!
AVONTIS | Attorneys & Counselors at Law
112 S. Tryon Street, Suite 809
Charlotte, North Carolina 28284
Telephone: (704) 408-2530
Facsimile: (704) 280-1245
Ashburg@AvontisLaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including:

Scottie Forbes Lee
ELLIS & WINTERS LLP
Post Office Box 2752
Greensboro, North Carolina 27402
scottie.lee@elliswinters.com
Attorney for Plaintiff Fish Kiss, Inc.

Jeffrey S. Southerland
Daniel D. Stratton
Claire E. Grantham
TUGGLE DUGGINS P.A.
P.O. Box 2888
Greensboro, North Carolina 27402
jsoutherland@tuggleduggins.com
dstratton@tuggleduggins.com
cgrantham@tuggleduggins.com
Attorneys for Defendant Zentra LLC

This the 26th day of October, 2026.

s/ Ray Ashburg
Ray Ashburg
N.C. State Bar No. 31371
Attorney for Defendant Swedish Treasures, LLC d/b/a Wet-It!
AVONTIS | Attorneys & Counselors at Law
112 S. Tryon Street, Suite 809
Charlotte, North Carolina 28284
Telephone: (704) 408-2530
Facsimile: (704) 280-1245
Ashburg@AvontisLaw.com